UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 CASE NO. 2:10-CR-41-FtM-36DNF

BRANDON EDWARD HUGHETT,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came on for consideration upon the Report and Recommendation filed by United States Magistrate Judge Douglas Frazier on September 3, 2010 (Dkt. 90). Following an evidentiary hearing held on July 26, 2010, which continued on August 11, 2010, the Magistrate Judge recommends that the Court deny Defendant Brandon Hughett's Motion to Suppress Statements (Dkt. 38). Defendant filed his objections to the Report and Recommendation on September 15, 2010 (Dkt. 98). Defendant objected to: 1) the determination that he initiated further conversation with the officers between the two recorded interviews; 2) the finding that he lacked impairment when he waived his *Miranda* rights; 3) the failure to consider additional invocations of his right to counsel; and 4) the failure to consider the officer's statement that they would obtain a search warrant for his car (Dkt. 98, pp. 2-7).[1]

**I.**    **STANDARD OF REVIEW**

---

[1] Of these objections, Defendant focuses primarily on his objection to the determination that he waived his *Miranda* rights and that he did not unambiguously invoke his right to counsel during the second interview.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd*, 28 F.3d 116 (11th Cir. 1994) (Table).

After carefully considering Defendant's Motion to Suppress Statements, the Government's Response in Opposition (Dkt. 45), the Magistrate Judge's Report and Recommendation, and Defendant's objections, and undertaking a *de novo* review of the legal determinations recommended in the Report and Recommendation, the Court adopts in part and rejects in part the Recommendation of the Magistrate Judge. The Court adopts the Magistrate's conclusion that Defendant knowingly, voluntarily and intelligently waived his *Miranda* rights when he signed the waiver form and proceeded with the first interview. However, the Court rejects the Magistrate's conclusion that Defendant did not unambiguously invoke his right to counsel during the second interview. The present issue is whether Defendant's request for an attorney during the second interview was ambiguous, requiring the questioning officer to seek clarification of whether Defendant wished to invoke his right to counsel. The Court finds that Defendant's request for counsel was an unambiguous invocation of his right to counsel and, therefore, all questioning should have ceased

until Defendant initiated further conversation with the officer. As such, Defendant's Motion to Suppress is granted.

## II.     RELEVANT BACKGROUND[2]

Defendant was arrested and taken into custody on November 24, 2009 (Dkt. 90, pp. 3-4). Defendant signed a form acknowledging and waiving his *Miranda* rights (Dkt. 68, Ex. 3). Two officers proceeded to interrogate him about a bank robbery that occurred the previous day (Dkt. 68, Ex. 2; Dkt. 90, p. 8). Defendant invoked his right to counsel, and the two officers ceased the interrogation[3] (Dkt. 68, Ex. 2, p. 17; Dkt. 90, p. 9). Following the first interview, Defendant expressed a willingness to speak with other officers, Lieutenants Ramsey and Crone. (Dkt. 68, Ex. 4, p. 2; Dkt. 90, p. 9). At the beginning of the second interview, Lt. Ramsey said to Defendant, "[Y]ou mentioned you wanted an – an attorney; is that correct?" (Dkt. 68, Ex. 4, p. 2). In response Defendant stated, "Yeah. Yeah, I do . . . ." *Id*. Lt. Ramsey then said, " [S]ince that time, though, you told me when – when I put you back in the cell, I explained to you I'm gonna put [you] back in here because you asked for an attorney. You then told me that you wanted to talk to me; is that correct?" *Id*. Defendant answered affirmatively. *Id*. Then, the second interview continued.

During the second interview, the officers discussed the other suspect for the bank robbery (Dkt. 68, Ex. 4, pp.14-15; Dkt. 90, p. 10). Then the following exchange occurred:

Defendant:     I'm not snitchin' on my friend 'cause he didn't rob no bank, dude.

---

[2] The Magistrate Judge's Report provides a more complete summary of the facts of this case (Dkt. 90). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993). As such, the Court only reiterates the background relevant to the issue addressed in this Order.

[3] Specifically, Defendant stated,"I – I want an attorney, 'cause you guys are tryin' to blame somethin' on me that I didn't do dude." (Dkt. 68, Ex. 2, p. 17). Shortly thereafter, Sergeant Mark Mallard clarified by asking, "You said you want an attorney; is that correct?" *Id*. Defendant responded affirmatively, and the officers ceased the interrogation. *Id*.

| | |
|---|---|
| Lt. Crone: | Not askin' you to. |
| Lt. Ramsey: | Not askin' you to. I already know who he is. Don't care. |
| Lt. Crone: | Don't – we're not (unintelligible). |
| Lt. Ramsey: | Not askin' you to snitch on anybody. Already know who he is. I'll show you a picture of him. |
| Lt. Crone: | (Unintelligible) -- |
| Defendant: | **I need my lawyer, dude. I need my lawyer. I need my lawyer.** |
| Lt. Ramsey: | Okay. So you're telling me you don't – no longer wish to speak with me? |
| Defendant: | If you want to keep talking to me, you can keep talking; but I'm not going to admit to anything. |
| Lt. Ramsey: | No. |
| Lt. Crone: | Don't want you to admit to anything. |
| Defendant: | Because you don't need me to, obviously. I'm not dumb dude. I'm not dumb. |
| Lt. Ramsey: | Okay. So you're telling me you want your attorney and that you no longer wish to speak with me? |
| Defendant: | I mean we can keep talking. I mean that's just fine. I – I – I really like you, man. I really like you, but – |
| Lt. Ramsey: | I mean you're not a bad guy, either. I can see that in you. |
| Defendant: | So keep on going. What else? |
| Lt. Ramsey: | Okay. |
| Defendant: | What else you got? |
| Lt. Ramsey: | So I just want to recap here again because, you know, I don't want to – one day down the road people to say I treated you badly. You are willing to talk to me; is that correct? |
| Defendant: | I'm talking. |
| Lt. Ramsey: | Okay. But, for the record, you've asked for an attorney. You're telling me you don't want an attorney? |
| Defendant: | For – we can keep on talking for right now, yeah. |

(Dkt. 45, pp. 7-8; Dkt. 68, Ex. 4, p. 15; Dkt. 90, p. 10; Dkt. 98, p. 9)(emphasis added).

Defendant continued to talk to the officers and eventually confessed to the bank robbery (Dkt. 68, Ex. 4, pp. 33-34).

### III.   ANALYSIS

"A suspect in custody must be advised as follows: 'He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an

attorney, one will be appointed for him prior to any questioning if he so desires.'" *Berghuis v. Thompkins*, 130 S. Ct. 2250, 2259 (2010)(quoting *Miranda v. Arizona*, 384 U.S. 436, 479, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966)). Law enforcement officers are not required to terminate an interrogation unless the invocation of a *Miranda* right is unambiguous. *See id*. ("Thompkins did not say that he wanted to remain silent or that he did not want to talk with the police. Had he made either of these simple, unambiguous statements, he would have invoked his "'right to cut off questioning.'")(citations omitted); *Davis v. U.S.*, 512 U.S. 452, 459, 114 S. Ct. 2350, 129 L. Ed. 2d 362 (1994)("[A suspect] must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney."); *Edwards v. Arizona*, 451 U.S. 477, 101 S. Ct. 1880, 68 L. Ed. 2d 378 (1981)(holding that officers must immediately cease questioning a suspect who has clearly asserted his right to have counsel present during a custodial interrogation); *Medina v. Singletary*, 59 F.3d 1095, 1100 (11th Cir. 1995)(citing *Davis*); *Coleman v. Singletary*, 30 F.3d. 1420, 1424 (11th Cir. 1994)("A suspect must articulate his desire to cut off questioning with sufficient clarity that a reasonable police officer in the circumstances would understand the statement to be an assertion of the right to remain silent."). "[A]n accused's *postrequest* responses to further interrogation may not be used to cast retrospective doubt on the clarity of the initial request itself. Such subsequent statements are relevant only to the distinct question of waiver." *Smith v. Illinois*, 469 U.S. 91, 100, 105 S. Ct. 490, 83 L. Ed. 2d 488 (1984)."The determination of whether a suspect's right to cut off questioning was scrupulously honored requires a case-by-case analysis." *Christopher v. State of Fla.*, 824 F.2d 836, 840 (11th Cir. 1987).

As guidance, the Court considers various statements that have been held to be unambiguous

requests for an attorney during a custodial interrogation. "I think I want a lawyer before I say anything else" is an unambiguous request for a lawyer, which causes interrogation to cease. *Davis*, 512 U.S. at 455. After being told that he has a right to have a lawyer present during questioning, if the suspect says "Uh, yeah. I'd like to do that," then he has unambiguously invoked his right to counsel. *Smith*, 469 U.S. at 93; *see also Dooley v. State*, 743 So.2d 65, 67-68 (Fla. 4th DCA 1999)(finding that the defendant clearly stated that he did not wish to waive his *Miranda* rights by saying, "Um, I don't wish to waive my rights."). If a suspect asks an officer, after receiving his *Miranda* warnings and is questioned, if he can "call his attorney," then he has sufficiently invoked his right to counsel and all questioning must cease until the suspect initiates conversation with the officers. *Ford v. Hall*, 546 F.3d 1326, 1336 (11th Cir. 2008). In contrast, if a suspect states that he would like to confer with an attorney before making any recorded statements, then the request is ambiguous, leaving a police officer open to asking questions to clarify whether the suspect is invoking his right to an attorney. *Ford*, 546 F.3d at 1339-40. "Maybe I should talk to a lawyer" is also an ambiguous request for counsel. *Davis*, 512 U.S. at 455, 462.

The Magistrate found that Defendant waived his right to counsel after initiating discussions with Lt. Ramsey and Crone during the second interview and did not subsequently invoke his right to counsel during the interview (Dkt. 90, p. 26). During the second interview with Lt. Ramsey, Defendant, after refusing to give information about his friend, stated, "**I need my lawyer, dude. I need my lawyer. I need my lawyer.**" This request for a lawyer is clear and unambiguous.

The Magistrate properly emphasized that at the point where Defendant made the statement "**I need my lawyer**," he had previously agreed to waive his *Miranda* rights, invoked his right to counsel in the first interview, engaged in spontaneous statements during the time his rights were

invoked, and then initiated conversation with the officers to begin a second interview (Dkt. 90, pp. 24-25). Although the court may consider the circumstances preceding the statement, whether a suspect invoked his right to counsel is an objective inquiry. *Davis*, 512 U.S. at 459. "A statement [requesting counsel] either is such an assertion of the right to counsel or it is not." *Smith*, 469 U.S. at 97-98. Furthermore, when dealing with the right to counsel, "when a suspect makes an *ambiguous or equivocal* statement it will often be good police practice for interviewing officers to clarify whether or not he actually *wants an attorney*." *Davis*, 512 U.S. at. 461 (emphasis added). Here, the Court notes that Defendant had previously told Lt. Ramsey that he did want a lawyer at the beginning of the interview. Even after making this statement, Lt. Ramsey continued to ask if Defendant wished to speak to him, not if he still wanted a lawyer. When Defendant later stated, "**I need my lawyer**," the statement was unambiguous on its face. Saying "**I need my lawyer**" was not a mere mentioning of a lawyer or even a wavering request as seen in *Davis*. On its face, the statement is an unambiguous invocation of one's right to counsel. Additionally, even considering the possibility of the circumstances making the statement ambiguous, Lt. Ramsey asked clarifying questions that focused predominately on whether Defendant wished to continue talking, not questions which focused on whether Defendant wanted an attorney.[4]

The Government argues that "[g]iven [e] back and forth equivocation and ambiguity, it was

---

[4] At the beginning of the second interview, Lt. Ramsey asked Defendant if he wanted an attorney, and he responded affirmatively. However, Lt. Ramsey then shifted the question to whether or not Defendant wished to speak to him. Lt. Ramsey continued to ask whether or not Defendant wished to continue speaking with him throughout the course of the second interview. Defendant continued to say that Lt. Ramsey could keep talking. Compare these questions with the clarifying questions asked by Sgt. Mallard who, upon hearing Defendant say that he wanted an attorney, specifically asked if Defendant wanted an attorney, not if he wished to continue speaking with him. Defendant responded affirmatively to that question when asked.

not unreasonable for the detectives to ask clarifying questions to ensure that the Defendant was in fact clearly invoking his right to counsel." (Dkt. 45, p. 16-17). However, the statement made by Defendant is an unequivocal and unambiguous request for counsel, for which clarification was not necessary. Pursuant to *Edwards v. Arizona*, *supra*, the officers should have immediately ceased questioning the Defendant.

To further support this argument, the Government relies on a case from the Fifth Circuit, *U.S. v. Scurlock*, 52 F.3d 531 (5th Cir. 1995). The facts in *Scurlock*, however, are distinguishable from the present case because the suspect in *Scurlock* stated that she needed a lawyer after she had already waived her *Miranda* rights and confessed. *Id*. at 537 ("The comment Scurlock made regarding an attorney was after she admitted involvement in the scheme and after she had agreed to give a recorded statement. Scurlock's reference to an attorney was made in response to an agent's comment that she would be indicted in the future."). Unlike Scurlock, Defendant had not admitted to any involvement in the bank robbery or made any incriminating statements prior to invoking his right to counsel. When he stated that he wanted an attorney, he did so unequivocally despite the fact that he had previously waived his *Miranda* rights, previously invoked his right to counsel, and engaged in a second interrogation. As such, the Court grants Defendant's Motion to Suppress.

**ACCORDINGLY**, it is now **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation of the Magistrate Judge (Dkt. 90) is **ADOPTED in part** and **REJECTED in part**. Those portions of the Magistrate Judge's Report and Recommendation, not specifically rejected herein, are **ADOPTED, CONFIRMED, AND APPROVED**.

2. Defendant Hughett's Motion to Suppress Statements (Dkt. 38) is **GRANTED**.

**DONE AND ORDERED** at Ft. Myers, Florida, on October 8, 2010.

*/s/ Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

<u>**COPIES TO**</u>:
Magistrate Judge Douglas N. Frazier
Counsel of Record